IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:       GEROGE M PIERCE                          Chapter 13

    Debtors                                           Case Number  15-14429

{XX}     ORIGINAL PLAN        Dated>..    8/7/2015
{  }     AMENDED PLAN

---

**YOUR RIGHTS WILL BE AFFECTED.**

If you oppose any provision of this plan you must fie a timely written objection. This plan may be confirmed and become binding on you without further n notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

---

## PLAN PROVISIONS

### DISCHARGE:
(Check one)

( )   The debtor will seek a discharge of debtors pursuant to §1328(a)

{XX}  The debtor is not eligible for discharge of debts because the debtor has previously received a discharge described in §1328(f).

{XX}  **NOTICE OF SPECIAL PROVISION:** (Check if applicable)

This plan contains special provisions that are not included in the standard plan as Recommended by the Chapter 13 Standing Trustees in the Eastern District of Pennsylvania. Those provisions are set out in the OTHER PLAN PROVISIONS section of this plan.

## 1. PLAN FUNDING AND LENGTH OF PLAN       Length of Plan        60 <Months

|   |   |   |   |   |   | Total |
|---|---|---|---|---|---|---|
| A. | Payments by debtor to trustee of | $ 158.00 | Monthly For | 60 | months. | $ 9,480.00 |
|    | Payments by debtor to trustee of | 0 | Monthly For | 0 | months. | $ - |
|    | Payments by debtor to trustee of | 0 | Monthly For | 0 | months. | $ - |
|    | Payments by debtor to trustee of | 0 | Monthly For | 0 | months. | $ - |
|    | Payments by debtor to trustee of | 0 | Monthly For | 0 | months. | $ - |
|    |   |   |   |   | TOTAL>> | $ 9,480.00 |

This monthly plan payment will begin no later than 30 days following the date of the filing of the bankruptcy petition or the date of conversion to Chapter 13.

B. In addition to the above specified plan payments, the debtor agrees to dedicate to the plan the estimated amount of sale proceeds as follows:
from the sale of property...............

Other lump sum payment shall be paid to the Trustee as follows:
...
....

Other payments from any source (describe specifically) shall be paid to the Trustee as follows:
„
„

C. **For amended plans:**

{1} The plan payments by the debtor shall consist of the total amount previously paid........  $    -

added to the new moth payment in the amount of            <For the Remaining>        months of
the plan for a total base amount, as a  $      -   , plus other payments and
property stated in Paragraph B above.

{2} The payment amount shall change effective            9/6/2015

{3} The debtor shall take appropriate action to ensure that all wage attachment payments are adjusted to conform to the terms of the amended plan.

D. The debtor is responsible for funding the plan.

## 2. SECURED CLAIMS

A. <u>Adequate Protection Payments under section 1326.</u>    Adequate protection payments in the following amounts will be paid by the debtor to the trustee. The trustee will disburse pre-confirmation adequate protection payments for which a proof of claim has been filed as soon as practicable after receipts of said payments from the debtor

| Name of Creditor | Acct No | Payment |
|---|---|---|
|  |  | $   - |
|  |  | $   - |

B. <u>Mortgages and Other Direct Payments by Debtor</u>    Payments will be made outside the plan according to the original contract terms, with no modification of contract terms and with liens retained.

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim | Contract Rate of Interest |
|---|---|---|---|---|

| Name | Collateral | Payment | Balance | | Note |
|---|---|---|---|---|---|
| Deutsche Bank | Residence | $2,100.00 | $ 216,905 | | NOTE 1 |
| | | 0  $ - | $ - | | |
| | | 0  $ - | $ - | 0% | |
| | | $ - | $ - | 0% | |
| | | $ - | $ - | 0% | |
| | Col Total> | $2,100.00 | | | |

C. Arrears:

| Name of Creditor | Prepetition Arrears to be Cured | Interest Rate | Total to be Paid in Plan | |
|---|---|---|---|---|
| Deutsche Bank | $ 12,600.00 | | $ 12,600 | not |
| Plaintiff1 | $ - | | $ - | |
| 2nd Lender | $ - | | $ - | |
| #rd Lender | $ - | | $ - | |
| Car Loan 1 | $ - | | $ - | |
| Car Loan 2 | $ - | | $ - | |
| | Col Total | | $ 12,600 | |

D. <u>Secured Claims Paid According to Modified Terms.</u>   These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "NO VALUE" in the "Modified Principal Balance column below will be treated as an unsecured claim. A MOTION AND / OR AN ADVERSARY ACTION, AS APPROPRIATE, WILL BE FILED UNDER §506(a) TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN. (Select method in last column):

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Motion or Adversary Action |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

E. <u>Other Secured Claims:</u>

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total to Be Paid in Plan |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

F. <u>Surrender of Collateral:</u>

| Name of Creditor | Description of Collateral to Be Surrendered |
|---|---|
| | |

G. Lien Avoidance

| Name of Creditor | Description of Collateral |
|---|---|
| | |
| | |

## 3. PRIORITY CLAIMS

A. Allowed unsecured claims entitled to priority under §507 will be paid in full with the exception of certain assigned Domestic Support Obligations that may be paid less than 100% pursuant to §1322(a)(4).

| Name of Creditor | Total Payment |
|---|---|
| David Dunn Law Offices, PC | $ 1,000.00 |
| IRS | $ 8,000.00 |
| | $ - |
| | $ - |
| | $ - |
| Priority Total exclusive of trustee | $ 9,000.00 |

{1} Trustee commissions shall be paid at the rate fixed by the United States Trustee, not to exceed 10%

{2} To David Dunn Law Offices, PC, counsel for debtor, the following:
In addition to the retainer of ............ $   2,000.00  ..already paid by
the debtor, the amount of ................ $   1,000.00  , as provided in Paragraph 3 A, above

## 4. UNSECURED CLAIMS

A. Claims of Unsecured Nonpriority Creditors Specially Classified. Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full

| Name of Creditor | Reasons For Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
| | | $ - | 0% | $ - |
| | | $ - | 0% | $ - |

B. Claims of General Unsecured Creditors.
The debtor estimates that a total of  $           -    will be available for distribution to unsecured creditors. The debtor calculates that at minimum of  $         -   must be paid to unsecured creditors in order to comply with the liquidation test for confirmation, and the

debtor calculates that a minimum of $       -       must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

C. <u>Funding</u>    Unsecured claims shall be pad pro rate as they are proved and allowed.

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** The following executory contracts and unexpired leases are assumed ( an pre-petition arrears to be cured in the plan) or rejected

| Name of Creditor | Property Description | Monthly Payment | Interest Rate | Pre-petition arrears | Total Payment | Assume / Reject |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

**6. OTH OTHER PLAN PROVISIONS**     (THESE ARE NON-UNIFORM PLAN PROVISIONS.)

A. <u>Modification of Rights of Holders of Secured Claims.</u>

Except as otherwise provided in this plan and this paragraph, debtor makes no modification of the rights of holders of secured claims, other than the deferment of payment permitted by law, provided however:

A2    All defaults are waived.

A3    Any acceleration not otherwise specifically permitted by applicable law is waived.

Any property in the possession of a sheriff or other court officer pursuant to execution or other enforcement process as of the date of filing the original petition shall be turned over to the debtor.

B   <u>Postpetition Claims.</u>

Postpetition claims which are proved and allowed, shall be accorded the priority to which they are entitled, if any, pursuant to 11 USC §1305[b]. Unless otherwise specifically required by law, post-petition claims shall be deemed unsecured claims without priority, and shall be dealt with pursuant to Article Five of this Plan.

C.   <u>Business Operations.</u>

If applicable, debtor intends to continue business operations in the ordinary course so long as is necessary for the efficient administration of the case and the funding of this Plan.

D   <u>Disposition of Property.</u>

Debtor reserves the right to proceed in accordance with 11 USC Sec 363(b)(2), sale of property of the estate not in the ordinary course, but only to the extent needed to fund the plan, and as permitted pursuant to 11 USC §1303.

E.   <u>Amendments.</u>

Debtor shall file any and all addenda or amendments, and shall make any and all additional plan payments or deposits and the Court or the trustee may reasonably require.

F.   <u>Jurisdiction.</u> The court shall retain jurisdictions following confirmation

G. **Effect of confirmation**

Confirmation of this plan shall bind and benefit the debtor, all creditors and parties in interest as set forth pursuant to 11 USC §1327, whether or not any such party has participated in the case. Once stay relief is obtained by a creditor, that creditors shall receive no further d

H **Handling of Payments and Other Creditor Duties Following Confirmation.**

**Handling of payments from the debtors.**
The holder or servicer shall apply all post-petition home loan payments received prior to confirmation on account, and shall give credit for such payments by contract terms as if there had been no pre-petition default, against escrow, insurance, interest and principal and other charges as of the date the payment was received by the holder or servicer.

Any payment received whichh is less than the full regular mortgage payment will be held and applied by the servicer or lender oth the debtor's loan to debtor's best interest according to the terms and conditions set forth in the Mortgage and Note and applicable bankruptcy procedure.

The holder or servicer shall apply payments received for months following confirmation for the month intended by the debtors, as made on time (if made on time) imposing no late or other default related fees unless the payer is in fact late with the post-confirmation payments.

The holder or services shall deem the prepetition arrearage as contractually current upon confirmation of the plan. Thereby preccluding imposition of late charges or other default-related fees based solely upon the prepetition arearage or default.

**Handling of disbursements from the trustee.**
The holder or servicer of the note shall apply payments from the trustee to the prepetition arrearage, and only to the prepetition arrearage. The prepetition arrearage shall include all sums so identified on the allowed portion of the home lender's proof of claim. The result of application of trustee payments to the prepetition arrearage shall result in a zero balance in the arrearage upon completion of the plan.

**Notification of Interest Rate Changes**
The holder or servicer of any claim secured by debtor's principal residence shall notify the trustee, the debtor and the attorney for the debtor of any changes in the rate of interest for any non-fixed rate or any adjustable rate mortgage and the effective date of any such adjustment or adjustments.
SAID NOTIFICATION SHALL BE GIVEN AT LEAST **60 DAYS** PRIOR TO THE EFFECTIVE DATE OF THE CHANGE, UNLESS A SHORTER PERIOD IS PROVIDED BY CONTRACT OR APPLICABLE NON-BANKRUPTCY LAW. This duty shall apply whether the change in the rate is an increase or decrease in the rate that was applicable on the petition date.

**Notification of Escrow Deposit Changes**
In order to maintain the feasibility of the plan as confirmed, the holder or servicer of any claim secured by debtor's principal residence shall notify the trustee, the debtor and debtor's counsel of any change in the rate of taxation or insurance premiums that will result in an increase in escrow deposit requirements. Notice shall be given as early as practicable.

### No Payment of Prepetion Taxes Provided for Elsewhere in the Plan

The holder or servicer of any claim secured by debtor's principal residence shall not pay any pre-petition real estate taxes that are provided for elsewhere in this Plan without prior Court approval.

### Accounting Upon Request

Within 60 days after receipt of a written request made by debtor to the servicer or mortgage lender, with a copy served upon its counsel, the servicer or mortgage lender shall provide debtor and debtor's counsel a statement detailing the following amounts paid by debtor post-petition:

    (1) all payments applied to principal;
    (2) all payments applied to interest;
    (3) all payments applied to any escrow account;
    (4) all payments applied to any pre-petition arrearage claim along with an explanation thereof; and
    (5) all fees and charges alleged to have accrued post-petition, along with an explanation thereof.

The statement may be in the form of a post-petition ledger prepared by the servicer or lender, provided, however, the documents from which the ledger is prepared are also provided. The debtor may (I) challenge this information by filing a motion with the court, to be served on the holder and the trustee; (ii) propose a modified plan that provides for those additional amounts which debtor admits are due; or (iii) take no action at all. To the extent that the court finds the amounts in question (if any) to be due, the rights of the holder to collect said amounts will be unaffected.

### Liquidated Damages. General Applicability of 11 USC §§107, 524[i]

the provisions of 11 USC §§107 and 524 shall bind and benefit all parties to this case.

## 7. ORDER OF DISTRIBUTION.

Level 1 Adequate protection payments.
Level 2 Debtor's attorney's fees
Level 3 Domestic Support Obligations
Level 4 Priority claims pro rate
Level 5 Secured claims ,pro rata
Level 6 Specially classified unsecured claims
Level 7 General unsecured claims
Level 8 Untimely filed unsecured claims to which the debtor has not objected.

## 8. REVESTING OF PROPERTY.

Property of the estate will fest in the debtor upon confirmation.

### GENERAL PRINCIPLES APPLICABLE TO ALL PLANS

1..    All pre-petition arrears and cram downs shall be paid to the trustee and disbursed to creditors through the plan

2..    If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the trustee will treat the claim as allowed, subject to objection by the debtor. Claims filed after the bar date that are not property served on the trustee will not be paid.
    The debtor is responsible for reviewing claims and filing objections, if appropriate.

3..    In the event that any creator in any class refuses any disbursement from the standing

trustee, the standing trustee shall be authorized to disburse those funds to other creditors in the same class, or if all such similarly classified creditors have already been paid, to other creditors in the next level of priority, without seeing a modification of the plan.

4..    If debtor is successful in obtaining a recovery in any personal injury or other litigation in which debtor is the plaintiff during the term of this plan, any recovery in excess of any applicable exemption will be paid to the trustee as a special plan payment, in addition to debtor's regular plan payments, for the benefit of the unsecured creditors.

5..    If the plan is confirmed prior to the bar date for the filing of proofs of claim, and if any claims are filed after such confirmation date, but before the expiration of the applicable proof of claim deadline ("bar date"), debtor agrees, within thirty (30) days after the bar date,

(a) to notify the standing trustee of any such post-confirmation filed claims which would affect the adequate funding of the plan, and advise as to debtor's intentions with respect to such claims, in writing; and

(b) within ten (10) days of such notification, either file
   {I} an objection to such claim[s]; or
   {ii} a motion to modify the confirmed plan to account for such post-confirmation filed claims.

If debtor files objection(s) to such claims(s), and such objection(s) is / are overruled, debtor will promptly file a motion to modify the plan to account for such claim(s).

If this plan is confirmed prior to the bar date, debtor also agrees that any documents or other requests previously made by the standing trustee shall be fulfilled on or before the bar date.

6..    Debtor shall certify complaince with all requirement of 11 USC §1328 before the plan shall be deemed completed, and only upon such certification shall the debtor's] be entitled to a chapter 13 discharge, provided that debtor[s] is / are otherwise eligible, as indicated in the Discharge section above.

NOTE 1  Plan depends on mortgage modification

Dated>        8/7/2015                ...................................................
                                       .../s/... **David F Dunn...**
                                       Attorney for Debtor


                                       ...................................................
                           .../s/...  GEORGE M PIERCE